**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RALPH NIXON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2589-G** |
| | ) | |
| **FNU BOGGS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Motion for Default Judgment ("Motion"), Doc. 9, and Declaration for Entry on Default ("Declaration"), Doc. 10. In the Motion, Plaintiff erroneously asserts service has been effected on Defendants and the Clerk of Court has entered default in this matter. Doc. 9. In the Declaration, Plaintiff erroneously asserts the United States Marshals Service has served Defendants. Doc. 10. But Defendants have not been served and no default has been entered.[1]

When a defendant fails to "plead or otherwise defend," default may be entered by the clerk of the court. Fed. R. Civ. P. 55(a). Thereafter, the prevailing party may ask the Court to enter judgment. *See* Fed. R. Civ. P. 55(b)(2). Here, however, the Clerk of Court lacks any grounds to enter a default. And without an entry of default, the Court cannot grant judgment. *See, e.g., Robinson v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL

[1] Plaintiff is reminded that when he files a document with the Court, he is certifying the information in the document is accurate and "the factual contentions have evidentiary support," Fed. R. Civ. P. 11(b).

1272839, at *2 (W.D. Okla. Apr. 30, 2025) (denying default judgment when an entry of default had not been entered and was unwarranted).

For these reasons, the undersigned recommends that the Court deny Plaintiff's Motion for Default Judgment, Doc. 9. Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court **not later than November 4, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 14th day of October, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE